## STATE v. MICHAEL D. DANAHER.

197 N. W. 2d 425.

April 7, 1972—No. 43014.

*Wangensteen & Perry* and *Stewart R. Perry,* for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Murphy, Peterson, Kelly, and Nelson, JJ.

PER CURIAM.

Defendant was indicted for first-degree murder for the shooting death of his estranged wife's boyfriend, which occurred on December 19, 1965. Subsequently, he pled guilty to second-degree murder and was sentenced according to law. His term was thereafter commuted to 10 years and on January 27, 1972, defendant was released on parole. This appeal is from an order denying his postconviction motion to withdraw his guilty plea. Defendant contends that his plea was based upon mistaken information from his attorney that the state could require defendant's wife to testify concerning facts which she observed at the time of the shooting. Furthermore, defendant asserts that he made certain statements at a psychiatric examination which negate a factual basis for the intent to kill. Finally, defendant argues that the plea should not have been accepted when the defenses of self-defense and extreme provocation were available.

A review of the postconviction record and the facts surrounding the shooting indicates that the reason for defendant's plea was the distinct possibility that a jury might find him guilty of first-degree murder. At the hearing defendant stated that the counsel he had chosen had explained to him the elements of first-degree murder and of second-degree murder and that he had understood them. He was also advised that there was a good chance he would be found guilty of first-degree murder and that he would probably spend less time in prison if he pled guilty to the second-degree charge than if convicted of first-degree murder. His attorney advised him that a self-defense plea would not

succeed. Even if his wife could have been kept from testifying against him, other evidence available to the state was such that he could have been found guilty of murder in the first degree and there was little or no chance of a claim of self-defense being successful.[1]

An application to withdraw a plea of guilty is addressed to the sound discretion of the trial court. There was no proof of any manifest injustice which it was necessary to correct by permitting a withdrawal of the guilty plea.[2]

The order is affirmed.

---

[1] A. B. A. Standards for Criminal Justice, Pleas of Guilty, Part II, Withdrawal of the Plea.

[2] Waiving trial involves a risk that an attorney's assessment of the law or facts might later prove to be erroneous. Cf. McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L. ed. 2d 763 (1970); McLaughlin v. State, 291 Minn. 277, 190 N. W. 2d 867 (1971).